IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CRAIG CUNNINGHAM )
 )
v. ) NO. 3:14-0769
 )
ALLIANCE SECURITY, et al. )

**O R D E R**

On June 4, 2014, the plaintiff filed a notice stating that his complaint contained a typographical error and should read that he was a resident of "Davidson County." See Docket Entry No. 28. The Court's review of the original complaint indicates that the complaint contains another apparent error. In the Prayer for Relief section on page 3, relief is sought from "Addiction Intervention now" instead of from Alliance Security, which is the entity actually named as a defendant in the complaint. Additionally, although "Addiction Intervention" is not named in the complaint and no factual allegations are made against it, a summons was issued to this entity in this action at the request of the plaintiff.

Accordingly, the plaintiff shall file, by July 15, 2014, an amended complaint that contains a corrected first paragraph and a corrected prayer for relief.

Additionally, the summons issued to Addiction Intervention in this action is QUASHED because this entity is not a defendant in this action. The Clerk shall remove Addiction Intervention as a listed defendant on the docket and shall forward a copy of this order by regular, first class mail (only) to Addiction Intervention at 1 South Swinton Ave., Del Ray Beach, FL 33444, which is the address listed on the summons that was issued.

The plaintiff is advised that only his most recent filing, see Docket Entry No. 34, contains a certificate of service indicating that a copy of the filing was sent to the attorney of record for the Defendant. In accordance with Rule 5 of the Federal Rules of Civil Procedure, the plaintiff must send to counsel for the opposing party a copy of anything he files with the Court and include in his

filing a certificate of service stating that such a copy has been mailed, when it was mailed, and to what address it was mailed.

The plaintiff's motion for a subpoena (Docket Entry No. 34) is GRANTED to the extent that, upon his request and in accord with any directives of the Clerk, the Clerk shall issue a subpoena to the plaintiff so that he can attempt service on a non-party as indicated in his motion.[1] The Court makes no determination about whether any such subpoena will ultimately be in compliance with Rule 45 of the Federal Rules of Civil Procedure or will be subject to objections or to being quashed by the non-party.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[1] A subpoena to produce documents or information (Form AO 88B) should be used, rather than Form AO 88A "Subpoena to testify at a deposition in a Civil Action."