IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CRAIG CUNNINGHAM )
)
v. ) NO. 3:14-0769
)
ALLIANCE SECURITY, et al. )

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered March 25, 2014 (Docket Entry No. 3), the Court referred the above captioned action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is the Motion to Dismiss (Docket Entry No. 32) filed by Defendant Alliance Security, to which the plaintiff has filed a response (Docket Entry No. 35) in opposition. For the reasons set out below, the Court recommends that the Motion to Dismiss be denied.

## I. BACKGROUND

On March 18, 2014, the pro se plaintiff filed a complaint against Alliance Security, a company alleged to be operating in Rhode Island, and ten "John/Jane Does." The plaintiff alleges that Alliance Security made multiple automated phone calls with pre-recorded messages to his cell phone in 2013 and 2014 offering him a free security alarm system. He asserts that he did not solicit the phone calls or the service of Alliance Security and did not give his consent to Alliance Security to call his cell phone. Although the plaintiff fails to set out in his complaint any basis for federal jurisdiction, he contends that the Defendant's actions violated the Telephone Consumer Protection

Act, 47 U.S.C. §§ 227 et seq. ("TCPA"), because they were unsolicited and unwelcome phone calls and had a pre-recorded message. As relief, the plaintiff seeks statutory and punitive damages.

In response to the complaint, Defendant Alliance Security has filed an Answer (Docket Entry No. 31) and the pending Motion to Dismiss (Docket Entry No. 32).[1] In its motion, the Defendant points out that the plaintiff states in his complaint that he was a resident of "Dallas County at all times relevant to the complaint," see Docket Entry No. 1, at 1, and that the acts underlying the complaint happened in "this county." Id. The Defendant contends that there is no "Dallas County" in Tennessee and that the Tennessee mailing address provided by the plaintiff in his complaint as his residence may not accurately state his residence. Accordingly, the Defendant argues that the Court lacks subject matter jurisdiction over this action and personal jurisdiction over the plaintiff and that venue in the Middle District of Tennessee is improper. The Defendant also argues that the plaintiff fails to state a claim upon which relief can be granted based upon the fact that the plaintiff filed and lost a similar federal lawsuit in 2010 in the Northern District of Texas.

On June 4, 2014, the plaintiff filed a notice stating that his complaint contained a typographical error and should read that he was a resident of "Davidson County." See Docket Entry No. 28. The plaintiff further contends that the error was "generally immaterial as the Plaintiff has noted that he was in Nashville and the actions in the case took place in Nashville." Id. Further, on June 30, 2014, the plaintiff filed a response to the Motion to Dismiss. In his response, he disagrees with the arguments made by the Defendant and attaches a supporting affidavit in which he states that he has been a resident of Davidson County since 2010 and that the acts at issue in this action occurred while he was living and working in Nashville, Tennessee, or the immediate surrounding area. See Docket Entry No. 35-2.

---

[1] Alliance Security originally filed its Answer and Motion to Dismiss on May 30, 2014. See Docket Entry Nos. 23 and 24. However, the Clerk required it to re-file these filings because of problems with its initial electronic filing.

## II. STANDARD OF REVIEW

A motion to dismiss brought pursuant to Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions." Iqbal, 566 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

## III. CONCLUSIONS

The entire basis for the jurisdictional and venue arguments made by the Defendant is that the plaintiff alleged in his complaint that at the time of the events in question he was a resident of "Dallas County," which is not a county located in Tennessee. Given the correction made by the plaintiff and his assertion that Davidson County was his residence and the location of the events at issue, the Defendant's argument has become moot. The plaintiff alleges a sufficient factual basis for jurisdiction and venue within the Middle District of Tennessee. See 28 U.S.C. § 123(b)(1). Further, the Court notes that the Sixth Circuit Court of Appeals has held that federal-question jurisdiction exists under the TCPA. Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 465 (6th Cir. 2010). The Defendant makes no other legal arguments that the Court does not have jurisdiction or venue over this action.[2]

The Court finds no merit in the Defendant's argument that the complaint fails to state a claim upon which relief can be granted. The Defendant does not raise arguments based upon res judicata, and the fact that another federal court dismissed another case brought by the plaintiff does not require the dismissal of completely different factual allegations made in a different lawsuit against a different defendant.[3]

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 32) filed by Defendant Alliance Security be DENIED.

---

[2] Although the Court recommends that the Motion to Dismiss be denied, the Court does not agree with the plaintiff that the misstatement in his complaint of the correct county of residence and county where the events at issue occurred is "generally immaterial as the Plaintiff has noted that he was in Nashville and the actions in the case took place in Nashville." See Docket Entry No. 28. First, the accuracy of statements made in a pleading is rarely something that is immaterial. Second, nowhere in the plaintiff's complaint does he state that he was in Nashville and that the actions in this case took place in Nashville.

[3] The Defendant only filed the Report and Recommendation entered by the Magistrate Judge and did not include the final order entered in the case from the Northern District of Texas. See Docket Entry No. 32-1.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge