United States District Court Middle District of Tennessee

) Craig Cunningham
) Plaintiff, Pro-se
)
) v.  CIVIL ACTION NO. 3:13-cv-00769
)
) Alliance Security and John/Jane doe
)   1-10
) Defendants.

## Plaintiff's Amended Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Alliance Security is a company operating from 60 Jefferson Park Road in Warwick RI, 02888 .

3. The Plaintiff is without information on the other defendants to serve them currently but should be able to obtain such information through discovery.

### Jurisdiction

4. Jurisdiction of this court arises as the acts happened in this county.

5. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

### FACTUAL ALLEGATIONS

1

6. From 2012 and 2014, the Plaintiff received multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone which informed the Plaintiff to that according to the FBI, home break-ins are on the rise and that he was being offered a free alarm system. The Plaintiff was living in Nashville, TN in Davidson County at all times relevant to this complaint. The Plaintiff received these telephone calls to his cell phone while he was in Nashville or the immediate surrounding greater Nashville area.

7. The Plaintiff is not in need of a home alarm system. The Plaintiff did not solicit anyone to call his cell phone for assistance in obtaining a home alarm system. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express, implied, oral, written, or any other form of consent for the defendants to call his cell phone using an automated telephone dialing system. The Plaintiff never consented to receive automated telephone calls or calls with pre-recorded messages to his cell phone from any of the defendants.

8. Upon further investigation, the Plaintiff found a recent enforcement action that the FTC had against VMS marketing solutions, which also does business as Alliance Security, Alliance Home protection, VMS, and VMS alarms for alleged violations of the telephone and Consumer fraud and abuse prevention act and the Telemarketing Sales Rule in case 1:14-cv-10612 in the US District Court of Massachusetts. The FTC found that Alliance Security had called millions of consumers across the country, including many on the National do Not call Registry. The case was recently resolved with a permanent injunction and $3.4 million dollar penalty against VMS.

2

9. These phone calls in this present case violated two categories of the TCPA, each of which provides for independent theories of recovery. First having a pre-recorded message and by making automated calls to the Plaintiff's cell phone. Second, the language of the pre-recorded messages are the source of a second category of violations. Furthermore, the Plaintiff alleges that these calls were willful or knowing violations of the TCPA and as such the court should award treble damages.

10. The Plaintiff notes that the TCPA or telephone consumer protection act specifically states how much in damages are available on a per call basis, and the 6th circuit court of appeals has determined the maximum damages to be up to $3,000 per phone call.[1] Up to $1500 for a violation of 47 USC 227(b) under 47 USC 227(b)(3) and up to $1500 for a violation of 47 USC 227(c) pursuant to 47 USC 227(c)(5). Additionally, the TCPA is a remedial statute entitled to liberal construction and is subjects violators to strict liability.

11. The pre-recorded message and automated nature of the calls violated the second category of the TCPA 47 USC 227(b)(1)(A) and additionally the pre-recorded messages in particular violated 47 USC 227 the TCPA which requires that all pre-recorded messages "shall at the beginning of the message state clearly the telephone number or address, individual, or other entity initiating the call, during or after the message, state clearly the telephone number or address of such business or other entity."

12. Each and every call failed to comply with these message name and identification requirements, which in turn is a second category of violations of the TCPA.

---

[1] Charvat v. NMP, LLC, No. 10-3390 (6th Cir. Aug. 30, 2011)

## CAUSES OF ACTION:

### COUNT I

**Violations of the Telephone Consumer Protection Act (TCPA)**

13. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

14. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message. These actions violated 47 USC 227(b)(1)(a) and allow for recovery as a private right to action under 47 USC 227(b)(3) 4 .

### Count II

**Violations of the Telephone Consumer Protection Act (TCPA)**

15. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

16. The foregoing actions by the Defendants constitute multiple breaches of the TCPA placing phone calls to the Plaintiff's cell phone without listing the name, address, or phone number of the entity placing the call. This is a violation of 47 USC 227(c) and allows recovery as a private right to action pursuant to 47 USC 227(c)(5)

4

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendant Alliance Security

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls.

D. Punitive damages for all claims in the amount of $50,000

E. Attorney's fees for bringing this action; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

615-348-1977
July 10th, 2014

United States District Court Middle District of Tennessee

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)        v.                                CIVIL ACTION NO.
)
) Alliance Security and John/Jane doe
)        1-10
)   Defendants.

### Plaintiff's Certificate of Service

1. I hereby certify that on July 14th, I mailed a true copy of the foreging to the defendant's attorney of record via USPS first class mail to the address of:

**Louise Marcus**
Marcus Law Office
33 College Hill Road
Warwick, RI 02886

Craig Cunningham,
Plaintiff Pro-se
5543 Edmondson Pike
Ste 248
Nashville, TN 37211
615-348-1977