UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**CRAIG CUNNINGHAM,**
**Plaintiff**

NO. 3:14-0769

v.

**ALLIANCE SECURITY INC., et al.**
**Defendant**

## ANSWER

Plaintiff's Amended Complaint was issued so that plaintiff could correct fundamental jurisdictional errors, as averred by defendant. Plaintiff is aware that defendant has a Tag-Along to MDL Motion pending. If Tag-Along MDL Motion is Granted, this case would be transferred out of this Court. Accordingly, Defendant has been mindful of judicial and attorney economy pending the MDL decision. To be abundantly cautious, Defendant Alliance Security Inc., by and through Louise Marcus and James V. Coutts its attorneys comes and hereby responds to the allegations set forth in the Amended Complaint as follows:

## JURISDICTION AND PARTIES

1. The allegations as to Jurisdiction and venue are denied. Upon information and belief, Plaintiff does not satisfy the requirements for this Court to have jurisdiction over this matter. Plaintiff's "mailing address" is a UPS store in the former Food Max shopping center; Plaintiff's "suite" is a mail box.

2. Defendant Alliance Security Inc. admits its address in Rhode Island.

3. Defendant denies the allegations set forth in paragraph no. 3 and leaves Plaintiff to its proof.

4. Defendant denies the allegations set forth in paragraph no. 4 and leaves Plaintiff to its proof.

5. Defendant denies both knowledge of and information sufficient to form a belief as to the truth of these allegations set forth in paragraph no. 5 and leaves plaintiff to its proof.

## FACTS

6. Defendant denies allegation(s) and leaves plaintiff to its proof.

7. Defendant denies both knowledge of and information sufficient to form a belief as to the truth of these allegations. Defendant leaves plaintiff to its proof.

8. Defendant emphatically and categorically denies allegation(s). Plaintiff knowingly mis-states the facts and findings. Said decision clearly states no wrongdoing by Defendant.

9. Defendant denies both knowledge of and information sufficient to form a belief as to the truth of these allegations. Defendant leaves plaintiff to its proof.

10. Defendant denies both knowledge of and information sufficient to form a belief as to the truth of these allegations. Defendant leaves plaintiff to its proof.

11. Defendant denies both knowledge of and information sufficient to form a belief as to the truth of these allegations. Defendant leaves plaintiff to its proof.

12. Defendant denies both knowledge of and information sufficient to form a belief as to the truth of these allegations. Defendant leaves plaintiff to its proof.

## COUNT I
## ALLEGED VIOLATIONS OF THE TCPA

13. Defendant restates and incorporates by reference its responses to paragraphs 1 through 12.

14. Defendant emphatically and categorically denies allegation(s) and leaves plaintiff to its proof.

## COUNT II

## ALLEGED VIOLATIONS OF THE TCPA

15. Defendant restates and incorporates by reference its responses to paragraphs 1 through 14.
16. Defendant emphatically and categorically denies allegation(s) and leaves plaintiff to its proof.

WHEREFORE Defendant respectfully asks this Court to Deny and Dismiss this claim.

## AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction. Defendant believes the facts show that plaintiff was not – and is not – a resident within the jurisdiction of the Middle District of Tennessee, this Court's jurisdiction.

2. Plaintiff's listed "mailing address" is a commercial strip mall that contains five (5) businesses, including a UPS store. Upon information and belief, Plaintiff's alleged mailing address's "suite" is a UPS box. Therefore, plaintiff fails to meet his personal jurisdiction burden.

3. This Court lacks subject matter jurisdiction. Per Plaintiff's Amended Complaint, Plaintiff does not satisfy the requirements for this Court to have jurisdiction over this matter.

4. The Middle District of Tennessee is not the proper venue for Plaintiff's Complaint. Plaintiff does not reside in this Court's jurisdiction. Plaintiff's email is via "hushmail", a service that is notorious for "hiding" the true path of one's email. "Hushmail" permits a resident of TX, for example, to 'hide his electronic tracks' so that it is hard to prove where the sender is physically located. Defendant believes this virtual "shell game" is further evidence that Plaintiff

is hiding his out-of-TN actual physical location. Therefore, the Middle District of Tennessee is not the proper venue for this action.

5. The entire Complaint, and each asserted claim for relief therein, fails to state a claim upon which relief can be granted.

6. Plaintiff's claims are barred to the extent that it lacks standing to pursue its claims.

7. Defendant is Exempt from the TCPA because it only engages in face-to-face sales as defined in the Act; no sales take place via telephone. Hence defendant is outside the TCPA's purview.

8. Plaintiff has failed to exhaust its administrative remedies

9. Plaintiff's claims are barred, in whole or in part, because plaintiff failed to make a good faith effort to notify defendant and/or plaintiff failed to engage in any amicable resolution prior to filing this action.

10. Plaintiff's claims are barred, in whole or in part, by principles of waiver, estoppel, and/or by the statute of limitations.

11. Plaintiff's claims are barred because it has not suffered actual injury, and future injury is not imminent.

12. Plaintiff was not a bona fide recipient of any impermissible calling of defendant.

13. At all times relevant to this action, defendant acted in good faith to honestly ensure full compliance with TCPA and with all other applicable laws.

14. Any recovery on the Amended Complaint seeking injunctive relief is barred, in whole or in part, because plaintiff is not entitled to such injunctive relief and has adequate remedies at law.

15. Any recovery on the Amended Complaint seeking punitive damages relief is barred, in whole or in part, because plaintiff is not entitled to such relief.

16. Any recovery on the Complaint seeking damages from defendant of any type is barred, in whole or in part, because plaintiff is not entitled to such relief.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court:

1. Deny plaintiff's claim for relief in its entirety;
2. Deny plaintiff's claim for damages;
3. Deny plaintiff's claim for punitive damages;
4. Dismiss plaintiff's Amended Complaint in its entirety with prejudice;
5. Enter judgment in defendant's favor;
6. Award defendant's costs of suit incurred herein, including reasonable attorneys' fees and/or other applicable provisions; and
7. Award defendant such other relief that this Court deems just, equitable, and/or proper.

Date: October 8, 2014

Respectfully Submitted by
Alliance Security Inc.
Through Its Attorney,

/s/ Louise Marcus, Esq.
Louise Marcus, Esq. #6925
Marcus Law Offices
33 College Hill Road, 15e
Warwick, RI  02886

401-331-3300  phone
401-331-3350  fax
LMarcus@verizon.net

## CERTIFICATE OF SERVICE

I, Louise Marcus, certify that I have served a copy of the above Answer on the Plaintiff by mailing a copy of it to him at 5543 Edmondson Pike, Suite 248, Nashville, TN 37211, his address as stated in the Complaint filed herein.

/s/ Louise Marcus
Louise Marcus

Page 5 of 5

Case 3:14-cv-00769   Document 49   Filed 10/08/14   Page 5 of 5 PageID #: 180